# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

WILLIAM T. MARTIN,        )
                                   )
        Plaintiff,         )
                                   )
VS.                        )        No. 16-2539-JDT-dkv
                                   )
CHERRY LINDAMOOD,      )
                                   )
        Defendant.      )

---

## ORDER DIRECTING PLAINTIFF TO CLARIFY HIS PLEADING AND EITHER PAY THE APPROPRIATE FILING FEE OR FILE A MOTION TO PROCEED *IN FORMA PAUPERIS*

---

On June 27, 2016, William T. Martin, Tennessee Department of Correction prisoner number 384489, who is incarcerated at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) However, Plaintiff neglected to submit either the appropriate filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

It is unclear from Plaintiff's document whether his intent is to file a complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Therefore, Plaintiff is ORDERED to clarify, in writing and within 30 days after the date of this order, whether his complaint is a § 1983 civil rights complaint, a § 2241 habeas petition, or a § 2254 petition.

If Plaintiff's complaint is intended as a civil rights complaint, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), applies to the assessment of the filing fee. Under the PLRA, a prisoner bringing a civil action must pay the entire civil filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA gives the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  § 1915(b)(2).  However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

Therefore, if the complaint is intended as a civil rights complaint pursuant to 42 U.S.C. § 1983, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months.  If Plaintiff timely submits the necessary documents and the Court finds that

---

[1] Section 1914(a) requires a $5 filing fee for habeas petitions and a civil filing fee of $350 for all other civil cases.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States."  The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case except for habeas cases and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b).

If, however, Plaintiff's document is intended as a habeas petition, he is ORDERED to submit either the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a) or a motion to proceed *in forma pauperis* and a copy of his inmate trust account statement. Plaintiff is advised that if his current trust account balance is at least $25, he will be required to pay the $5 fee.

If Plaintiff fails to comply with this order in a timely manner the Court will deny leave to proceed *in forma pauperis* and dismiss the action without further notice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.

IT IS SO ORDERED.                              s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE